# EXHIBIT A

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Denim Jackson
24LA0361
St. Clair County
3/4/2024 10:01 AM
26570318

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | |
|---|---|
| CASSANDRA NEUBAUER, individually and on behalf of all other similarly situated current citizens of Illinois and the United States,<br><br>   Plaintiff,<br><br>v.<br><br>RED LOBSTER HOSPITALITY LLC and CONTINENTAL MILLS, INC.,<br><br>   Defendants. | No. 24-LA-0361 |

Serve: Red Lobster Hospitality LLC
   c/o Corporate Creations Network Inc.
   1521 Concord Pike, Suite 201
   Wilmington, DE 19803

   Continental Mills, Inc.
   c/o CT Corporation System
   208 S. LaSalle St., Suite 814
   Chicago, IL 60604-1101

## **CLASS-ACTION COMPLAINT**

  Plaintiff, Cassandra Neubauer, individually and on behalf of all other similarly situated current citizens of Illinois and current citizens of the United States, alleges the following facts and claims upon personal knowledge, investigation of counsel, information and belief.

### SUMMARY OF THE CASE

  1. Defendants Red Lobster Hospitality LLC ("Red Lobster") and Continental Mills, Inc. ("Continental Mills") (collectively, "Defendants") jointly manufacture, market, label, and sell

Red Lobster™ Cheddar Bay Biscuit® Mix (the "Product") throughout the United States.

2. On the front of their Biscuit Mix box, Defendants represent that the Product "makes 10 biscuits."

3. On the back of the box, on the Nutrition Facts panel, Defendants represent that the Product contains "about 10 servings" and "makes 10 biscuits."[1]

4. A serving of the Product, according to Defendants' labels, is equal to 1/3 cup.

5. Defendants presumably determine the purported number of servings in each box by dividing the net weight of the box in grams (322) by what Defendants claim is the weight of 1/3 cup of their Product – namely 32 grams.

6. In reality, 1/3 cup of the Defendants' Product weighs approximately 46.9 grams.

7. Substituting the correct weight of a 1/3 cup of the Product, Defendants' Biscuit box actually makes approximately seven biscuits, not ten, because (322 grams)/(46.9 grams/serving) is equal to 6.9 servings.

8. Thus, Defendants mispresent the number of servings in the Product by an average of 3.1 servings per box, or 31.38%.

9. Defendants are fully aware of their misrepresentation.

10. Defendants have or should have measured their Product and determined that 1/3 cup of their Product weighs substantially more than 32 grams on their label.

11. Defendants caused economic harm to Plaintiff and the Classes because they

---

[1] FDA regulations specify that "[t]he number of servings shall be rounded to the nearest whole number except for the number of servings between 2 and 5 servings …. The number of servings between 2 and 5 servings shall be rounded to the nearest 0.5 serving. Rounding should be indicated by the use of the term *about* (e.g., about 2 servings, about 3.5 servings)." 21 C.F.R. § 101.9(b)(8)(i). FDA has further clarified in an industry guidance document that "[f]or packages containing five or more servings, round the number of servings to the nearest whole serving." FDA, A FOOD LABELING GUIDE: GUIDANCE FOR INDUSTRY 52 (2013). The FDA does not require, endorse or suggest the casual imprecision of "about" regarding the number of servings, as employed by Defendants.

received fewer servings than what Defendants promised on their label.

12. Plaintiff and purchasers of the Product received on average 31.38% fewer servings than they bargained and paid for.

13. This case seeks to recover 31.38% of all retail sales of the Product in damages, or $0.92 for every box of the Product sold to consumers due to Defendants' breach of an express and implied warranties, false, deceptive, misleading and unfair marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and unjust enrichment. Plaintiff also seeks injunctive relief.

## PARTIES

14. Plaintiff Cassandra Neubauer is an Illinois citizen residing in Madison County, Illinois. Plaintiff purchased the Product approximately once per year during the Class Period (as defined below) from Schnucks on Troy Road in Edwardsville, Illinois. As recently as January or February 2023, Plaintiff purchased the Product at Schnucks for personal, family, or household purposes after reviewing the packaging label and noting that it claimed to contain 10 servings per container. The purchase price of the Product was $2.89 per container.

15. Defendant Red Lobster Hospitality LLC is a Delaware limited liability company with its principal place of business in Orlando, Florida. Red Lobster maintains a physical presence in St. Clair County doing business at 110 Ludwig Drive in Fairview Heights, Illinois.

16. Defendant Continental Mills, Inc. is a Washington corporation registered to do business in Illinois with its principal place of business in Tukwila, Washington.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

18. Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Product. There is therefore no diversity jurisdiction over this case.

19. Because the value of Plaintiff's claims is typical of all Class Members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create federal court jurisdiction. There is therefore no CAFA jurisdiction for this case.

20. Defendants cannot plausibly allege that it had sufficient sales of the Product during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

21. This Court has personal jurisdiction over Defendants because Defendants have more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendants committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including distributing the Biscuit Mix for sale throughout the State of Illinois and the United States.

22. Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because Red Lobster can be found in this county.

**ALLEGATIONS OF FACT**

23. Defendants jointly produce, market, and sell the Product throughout the State of Illinois and the United States.

24. The front label of the Product states that it makes 10 biscuits:



The Nutrition Facts panel on the Product's label states that the Product contains about 10 servings per container.

25.   The Nutrition Facts panel on the Product's label states that the Product's serving size is 1/3 cup, each weighing 32 grams.



26. Preliminary testing of 168 samples from twelve different containers from twelve different lots of the Product shows, however, that a 1/3 cup serving of the Product actually weighs 46.9 grams, on average.

27. Using the correct weight of a serving size of the Product, the Product on average contains 3.1 servings less than represented.

28. Thus, the Product on average contains 31.38% less servings than represented by Defendant.

29. The Product therefore only makes about 6.9 – not 10 – biscuits.

30. Defendants placed the Product with the misleading label into the stream of commerce, where it was purchased by Plaintiff and Class Members.

31. At all times, Defendants intended Plaintiff and Class Members to rely on their serving-size representations.

32. Plaintiff and Class Members relied on the Product's label to state the truth about the number of servings in the biscuit mix box.

33. Plaintiff and Class Members expected to receive the number of servings stated on the label.

34. Plaintiff and Class Members did not get what they paid for.

35. Plaintiff and Class Members received a Product that was inferior to the Product as described on the label by the Defendants in that the Product contained far fewer biscuits than were promised.

36. Because Plaintiff and Class Members received fewer servings than represented, the value of the Product was materially less than its value as represented by Defendants.

37. Plaintiff and Class Members did not, nor could be expected to know, that the Product would not provide the number of servings promised on the Product's front label and Nutrition Facts panel.

38. The Product was worth less than what Plaintiff paid, and she would not have paid as much absent Defendants' false and misleading serving-size statements.

39. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are accurate. However, unless the Court intervenes, Plaintiff cannot determine whether Defendants' representations on the label are accurate without purchasing the Product again – in which case she risks future economic harm.

40. Defendants' serving-size misrepresentation is material in that it concerns the type of information upon which a reasonable consumer would be expected to rely in deciding whether to purchase the Product.

41. As a result of the misrepresented serving size, Plaintiff and Class Members paid for servings they did not receive.

42. Plaintiff and Class Members would either not have purchased the Product or would have paid less for it had they known the truth.

43. Plaintiff and Class Members have been deceived by Defendants' misrepresentation.

44. At all times, Defendants' misrepresentation was known or intentional. Defendants knew: (a) the weight of the serving size of the Product; (b) that the Product's front panel and Nutrition Facts panel misrepresented the amount of servings; (c) that reasonable consumers would view, assume true, and rely upon information on the label in making their purchasing decisions; and (d) that it was fraudulently charging consumers for servings of the Product they did not receive.

45. Plaintiff provided Continental Mills with pre-suit notice of a breach of warranty on June 30, 2023.

46. Plaintiff provided Red Lobster with pre-suit notice of a breach of warranty on November 28, 2023

47. Defendants' unfair and deceptive practices continue as of the time of the filing of this Complaint and there is no reason to believe that Defendants will discontinue those practices voluntarily.

## JOINT AND SEVERAL LIABILITY

48. The Product's packaging states that the Product is: "Produced Exclusively for Red Lobster by Continental Mills, Inc."

49. Red Lobster registered the phrase "Cheddar Bay Biscuits" on December 21, 2004.[2]

50. Red Lobster registered the mark reproduced below on August 11, 2015, "for Biscuit mixes; Seasonings; Spices."[3]



51. Defendants affix Red Lobster's mark five times on the packaging: on the front, back, one side, top, and bottom panels.

52. The Product's front panel states that the Product is "Our Secret Recipe."

53. The Product's back panel states that the Product is: "Straight from our kitchens to yours, it's our secret Red Lobster Cheddar Bay Biscuit recipe! Just add water, cheddar and butter to create the same Cheddar Bay Biscuits we serve in our restaurants."

54. The Product's side panel states: "QUALTIY PLEDGE You can count on Continental Mills for the highest quality products."

55. The Product's side panel states: "FIND A RESTAURANT For a restaurant near you, call 1-800-562-7837 or visit our web site at www.RedLobster.com."

---

[2] https://tsdr.uspto.gov/#caseNumber=76526845&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last viewed on January 19, 2024).
[3] https://tsdr.uspto.gov/#caseNumber=86281765&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last viewed on January 19, 2024).

56. Defendants acted jointly in the production, marketing, labeling and sale of the Product, using Red Lobster's exclusive mark and representations to promote and distribute the Product.

57. Defendants' coordinated actions and representations contribute to the overall deceptive nature of the Product's packaging and marketing.

58. As such, Defendants are jointly and severally liable for any damages caused to Plaintiff and Class Members resulting from their unfair and deceptive practices.

## CLASS ALLEGATIONS

59. Pursuant to 735 ILCS 5/2-801 *et. seq.*, Plaintiff brings this action on her own behalf and on behalf of proposed Classes of all other similarly situated persons ("Class Members" of the "Classes") consisting of:

> All Illinois citizens who purchased the Red Lobster™ Cheddar Bay Biscuit® Mix for personal, family, or household use in the five years preceding the filing of this Complaint up through the date of notice (the "Class Period"); and/or

> All United States citizens who purchased the Red Lobster™ Cheddar Bay Biscuit® Mix in the United States during the Class Period for personal, family, or household use.

60. Specifically excluded from the Classes are Defendants; Defendants' officers, directors, or employees; any entity in which Defendants have a controlling interest; any affiliate, legal representative, heir, or assign of Defendants and any person acting on their behalf. Also excluded from the Classes are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, all State agencies; and any juror assigned to this action.

61. Upon information and belief, the Classes consist of at least hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

62. There are numerous and substantial questions of law or fact common to all of the members of the Classes and which predominate over any individual issues. Included within the common question of law or fact are:

    a. whether the number of servings on the Product label is false, misleading, and deceptive;

    b. whether Defendants violated ICFA by selling the Product with false, misleading, and deceptive representations;

    c. whether Defendants' acts constitute deceptive, unfair or fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

    d. whether Defendants breached express and/or implied warranties to Plaintiff and the Class Members;

    e. whether Defendants intended that Plaintiff and the Class Members would rely on its representations;

    f. whether Defendants were unjustly enriched; and

    g. the proper measure of damages sustained by Plaintiff and Class Members.

63. Plaintiff's claims are typical of the claims of Class Members, in that they are based on the same conduct and practices of Defendants, the legal claims are the same, and the central liability questions are the same.

64. Class Members and Plaintiff have no interests adverse to the interests of other Class Members.

65. Plaintiff will fairly and adequately protect the interests of Class Members and has retained competent and experienced counsel.

66. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group

method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a.    the common questions of law and fact presented predominate over any individualized questions;

    b.    absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendants profit from and enjoys their ill-gotten gains;

    c.    given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.    when the liability of Defendants have been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e.    this action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Classes can seek redress for the harm caused to them by Defendants.

67. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

68. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Express Warranty)

69. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

70. Defendants made the affirmation of fact and the promise to Plaintiff and the Class Members that the Product makes 10 biscuits and contains about 10 servings per container, guaranteeing to Plaintiff and the Class Members that the Product was in conformance with the representations.

71. These affirmations of fact and promises became part of the basis of the bargain of Plaintiff's and Class Members' purchases, and Plaintiff and Class Members relied on the affirmations when making their purchasing decisions.

72. Defendants breached their express warranty by providing Plaintiff and Class Members with fewer servings than represented on the Product packaging.

73. As a result of Defendants' breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought the Product that was not what it was represented to be, and they have spent money on a Product that had less value than was reflected in the inflated price they paid for the Product.

74. As a proximate result of Defendants' breach of express warranty, Plaintiff and Class Members suffered economic damages, including the value of the servings they did not receive, or 31.38% of the purchase price, as well as any other damages proximately caused by Defendants' breach of express warranty.

## Count II
## Breach of Implied Warranty

75. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

76. By advertising and selling the Product issue, Defendants made implied promises and affirmations of fact concerning the Product, as described here in. These implied warranties became part of the basis of the bargain between Plaintiff and the members of the Class, and the Defendants.

77. Defendants, through their advertising and labeling, impliedly warranted that the Product comports with the label representations, that the label representations are accurate, and that the Product contains sufficient ingredients to provide the stated number of servings.

78. Defendants breached the warranty implied in the contract for the sale of the Product because the Product cannot pass without objection in the trade under the contract description, the Product was not a fair average quality within the description, and the Product was not as represented. As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendants to be merchantable.

79. At the time of the purchase, Plaintiff and members of the Classes did not know, and had no reason to know, that the Product was not as it was warranted to be.

80. Defendants knew that the Product was not as they warranted it to be.

81. Plaintiff and members of the Classes purchased the Product.

82. Plaintiff provided Defendants with pre-suit notice of the breach of warranty.

83. As the direct and proximate result of Defendants' breach of implied warranty, Plaintiff and members of the Classes were harmed in the amount of the purchase price they paid

for the Product. Plaintiff and members of the Classes have suffered and continue to suffer economic losses and other general and specific damages including, but not limited to, the amount paid for the Product, and any interest that would have accrued on those monies in an amount to be proven at trial.

## COUNT III
## Violation of ICFA
## (Deceptive Practices)

84. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

85. Defendants engaged in a deceptive practice by misrepresenting the number of servings in the Product. The Product was therefore worth less than the Product as represented.

86. Defendants' misrepresentation is material because it conveyed false information that Plaintiff and Class Members relied on when considering whether to purchase the Product.

87. Defendants engaged in these deceptive practices in the course of their trade or commerce because Defendants are in the business of manufacturing, distributing, and selling the Product, and it does so throughout Illinois and in St. Clair County.

88. Defendants' deceptive practices proximately caused Plaintiff and Class Members damages, in that they received less servings than advertised. Plaintiff and Class Members therefore did not receive the benefit of their bargain.

89. Plaintiff's and Class Members' damages include the value of the servings they did not receive, or the difference between what they paid for the Product and what the Product was actually worth. Because the Product was not as represented, the Product as sold was worth less than the Product as represented, and Plaintiff and Class Members paid an excess amount for it.

Had Plaintiff and Class Members known the truth, they would have paid less for the Product by 31.38%.

## COUNT IV
## Violation of ICFA
## (Unfair Practices)

90.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

91.     Defendants engaged in unfair acts or practices by weighing a serving size of the Product inaccurately or failing to weigh it at all.

92.     Defendants engaged in these unfair acts or practices in the course of their trade or commerce because Defendants are in the business of manufacturing, distributing, and selling the Product, and it does so throughout Illinois and in St. Clair County.

93.     Defendants' unfair acts or practices offend public policy and are immoral, unethical, oppressive, or unscrupulous, because they affect the serving size and the associated nutritional facts of the Product. In other words, Plaintiff and Class Members are not receiving truthful information about how much of the Product they are ingesting and its nutritional value.

94.     Defendants' acts are also unfair because they are against the public policy set forth in the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/11, which provides that a food is misbranded if its labeling is false or misleading in any particular. 410 ILCS 620/11(a).

95.     Defendants' unfair practices proximately caused Plaintiff and Class Members damages, in that they received 31.38% less servings then promised. Plaintiff and Class Members therefore did not receive the benefit of their bargain.

96.     Plaintiff's and Class Members' damages include the value of the servings they did not receive or the difference between what they paid for the Product and what the Product was

actually worth. Because the Product was not as represented, the Product as sold was worth less than the Product as represented, and Plaintiff and Class Members paid an excess amount for it. Had Plaintiff and Class Members known the truth, they would have paid 31.38% less for the Product.

97. Plaintiff's and Class Members' damages are substantial, are not outweighed by any countervailing benefits, and are damages Plaintiff and Class Members could not reasonably have avoided.

## COUNT V
### (Unjust Enrichment)

98. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

99. Plaintiff and Class Members enriched Defendants by conferring a benefit on Defendants through their purchases of the Product.

100. Defendants accepted and retained the benefits Plaintiff and Class Members bestowed on them in the form of the profits and revenues they received as a result of their purchase of the Product.

101. Because Plaintiff and Class Members conferred the financial benefits on Defendants as a result of Defendants' fraudulent and misleading representations and unfair actions, it would be inequitable and unjust for Defendants to retain those benefits.

102. Defendants have been enriched at Plaintiff's and Class Members' expense.

103. Plaintiff and Class Members are therefore entitled to restitution, and Defendants should be required to disgorge their ill-gotten enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. enter judgment jointly and severally against Defendants and in favor of Plaintiff and the Classes including an award of all recoverable damages;

b. grant certification of this case as a class action;

c. appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

d. award compensatory damages to Plaintiff and the proposed Classes or, alternatively, require Defendant to disgorge or pay restitution;

e. award statutory and punitive damages to Plaintiff and the proposed Classes;

f. award pre- and post-judgment interest;

g. award reasonable and necessary attorneys' fees and costs to Class counsel; and

h. for all such other and further relief as may be just and proper.

Dated: March 4, 2024         Respectfully submitted,

By: */s/ David C. Nelson*
David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
2890 W. Broward Blvd. Unit B, #305
Ft. Lauderdale, FL 33312
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO 63132
Tel: 314-441-6580
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln, Ste 700
Dallas, TX 75231
Tel: 214-865-3804
Email: scochran@condontobin.com

*Attorneys for Plaintiff and the Putative Classes*

Case No.: 24-LA-