IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSANDRA NEUBAUER, individually and on behalf of all other similarly situated current citizens of Illinois and the United States, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )  No. 3:24-cv-1160-NJR |
| v. | )<br>)<br>) |
| CONTINENTAL MILLS, INC., | )<br>) |
| Defendant. | ) |

**FIRST AMENDED CLASS-ACTION COMPLAINT**

Plaintiff, Cassandra Neubauer, individually and on behalf of all other similarly situated current citizens of Illinois and current citizens of the United States, alleges the following facts and claims upon personal knowledge, investigation of counsel, information and belief.

**SUMMARY OF THE CASE**

1. Defendant Continental Mills, Inc. ("Continental Mills" or "Defendant") manufactures, markets, labels, and sells Red Lobster™ Cheddar Bay Biscuit® Mix (the "Mix") throughout the United States.

2. On the front of its Biscuit Mix box, Defendant represents that the Mix "makes 10 biscuits."

3. On the back of the box, on the Nutrition Facts panel, Defendant represents that the Mix contains "about 10 servings" and "makes 10 biscuits."[1]

---

[1] FDA regulations specify that "[t]he number of servings shall be rounded to the nearest whole number except for the number of servings between 2 and 5 servings …. The number of servings between 2 and 5 servings shall be rounded to the nearest 0.5 serving. Rounding should be indicated by the use of the term *about* (e.g., about 2 servings, about 3.5 servings)." 21 C.F.R. § 101.9(b)(8)(i). FDA has further clarified in an industry guidance document that "[f]or packages containing five or more servings, round the number of servings to the nearest whole serving." FDA, A FOOD LABELING GUIDE: GUIDANCE FOR INDUSTRY 52 (2013). The FDA does not require, endorse or suggest the casual imprecision of

4. A serving of the Mix, according to Defendant's labels, is equal to 1/3 cup.

5. Defendant presumably determines the purported number of servings in each box by dividing the net weight of the box in grams (322) by what Defendant claims is the weight of 1/3 cup of its Mix – namely 32 grams.

6. In reality, 1/3 cup of the Defendant's Mix weighs approximately 46.9 grams.

7. Substituting the correct weight of a 1/3 cup of the Mix, Defendant's Biscuit box actually makes approximately seven biscuits, not ten, because (322 grams)/(46.9 grams/serving) is equal to 6.9 servings.

8. Thus, Defendant mispresents the number of servings in the Mix by an average of 3.1 servings per box, or 31.38%.

9. Defendant is fully aware of its misrepresentation.

10. Defendant has or should have measured its Mix and determined that 1/3 cup of its Mix weighs substantially more than 32 grams on its label.

11. Defendant caused economic harm to Plaintiff and the Classes because they received fewer servings than what Defendant promised on its label.

12. Plaintiff and purchasers of the Mix received on average 31.38% fewer servings than they bargained and paid for.

13. This case seeks to recover 31.38% of all retail sales of the Mix in damages, or $0.92 for every box of the Mix sold to consumers due to Defendant's breach of an express warranties, false, deceptive, misleading and unfair marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), the Illinois Uniform Deceptive Trade Practices Act ("IUDPTA"), and unjust enrichment. Plaintiff also seeks injunctive relief.

---

"about" regarding the number of servings, as employed by Defendant.

**PARTIES**

14. Plaintiff Cassandra Neubauer is an Illinois citizen residing in Madison County, Illinois. Plaintiff purchased the Mix approximately once per year during the Class Period (as defined below) from Schnucks on Troy Road in Edwardsville, Illinois. As recently as January or February 2023, Plaintiff purchased the Mix at Schnucks for personal, family, or household purposes after reviewing the packaging label and noting that it claimed to contain 10 servings per container. The purchase price of the Mix was $2.89 per container.

15. Defendant Continental Mills, Inc. is a Washington corporation registered to do business in Illinois with its principal place of business in Tukwila, Washington.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act.

17. This Court has personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois that give rise to civil liability, including distributing the fraudulently labeled Mix for sale throughout the State of Illinois.

18. Venue is proper in this forum because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**ALLEGATIONS OF FACT**

19. Defendant produces, markets, and sells the Mix throughout the State of Illinois and the United States.

20. The front label of the Mix states that it makes 10 biscuits:



21. The Nutrition Facts panel on the Mix's label states that the Mix contains about 10 servings per container.

22. The Nutrition Facts panel on the Mix's label states that the Mix's serving size is 1/3 cup, each weighing 32 grams.



Page 4 of 15

23. Preliminary testing of 168 samples from twelve different containers from twelve different lots of the Mix shows, however, that a 1/3 cup serving of the Mix actually weighs 46.9 grams, on average.

24. Using the correct weight of a serving size of the Mix, the Mix on average contains 3.1 servings less than represented.

25. Thus, the Mix on average contains 31.38% less servings than represented by Defendant.

26. The Mix therefore only makes about 6.9 – not 10 – biscuits.

27. Defendant placed the Mix with the misleading label into the stream of commerce, where it was purchased by Plaintiff and Class Members.

28. At all times, Defendant intended Plaintiff and Class Members to rely on its serving-size representations.

29. Plaintiff and Class Members relied on the Mix's label to state the truth about the number of servings in the biscuit mix box.

30. Plaintiff and Class Members expected to receive the number of servings stated on the label.

31. Plaintiff and Class Members did not get what they paid for.

32. Plaintiff and Class Members received a Mix that was inferior to the Mix as described on the label by the Defendant in that the Mix contained far fewer biscuits than were promised.

33. Because Plaintiff and Class Members received fewer servings than represented, the value of the Mix was materially less than its value as represented by Defendant.

34. Plaintiff and Class Members did not, nor could be expected to know, that the Mix would not provide the number of servings promised on the Mix's front label and Nutrition Facts panel.

35. The Mix was worth less than what Plaintiff paid, and she would not have paid as much absent Defendant's false and misleading serving-size statements.

36. Plaintiff intends to, seeks to, and will purchase the Mix again when she can do so with the assurance that Mix's representations are accurate. However, unless the Court intervenes, Plaintiff cannot determine whether Defendant's representations on the label are accurate without purchasing the Mix again – in which case she risks future economic harm.

37. Defendant's serving-size misrepresentation is material in that it concerns the type of information upon which a reasonable consumer would be expected to rely in deciding whether to purchase the Mix.

38. As a result of the misrepresented serving size, Plaintiff and Class Members paid for servings they did not receive.

39. Plaintiff and Class Members would either not have purchased the Mix or would have paid less for it had they known the truth.

40. Plaintiff and Class Members have been deceived by Defendant's misrepresentation.

41. At all times, Defendant's misrepresentation was known or intentional. Defendant knew: (a) the weight of the serving size of the Mix; (b) that the Mix's front panel and Nutrition Facts panel misrepresented the amount of servings; (c) that reasonable consumers would view, assume true, and rely upon information on the label in making their purchasing decisions; and (d) that it was fraudulently charging consumers for servings of the Mix they did not receive.

42.     Plaintiff provided Continental Mills with pre-suit notice of a breach of warranty on June 30, 2023.

43.     Defendant's unfair and deceptive practices continue as of the time of the filing of this Complaint and there is no reason to believe that Defendant will discontinue those practices voluntarily.

## CLASS ALLEGATIONS

44.     Pursuant to FED R. CIV P. 23, Plaintiff brings this action on her own behalf and on behalf of two proposed Classes of all other similarly situated persons ("Class Members" of the "Classes") consisting of:

> All Illinois citizens who purchased the Red Lobster™ Cheddar Bay Biscuit® Mix in the five years preceding the filing of this Complaint up through the date of notice (the "Class Period"); and/or
>
> All United States citizens who purchased the Red Lobster™ Cheddar Bay Biscuit® Mix in the United States during the Class Period.

45.     Specifically excluded from the Classes are Defendant; Defendant's officers, directors, or employees; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir, or assign of Defendant and any person acting on its behalf. Also excluded from the Classes are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, all State agencies; and any juror assigned to this action.

46.     Upon information and belief, the Classes consist of at least hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

47.     There are numerous and substantial questions of law or fact common to all of the members of the Classes and which predominate over any individual issues. Included within the common question of law or fact are:

   a.  whether the number of servings on the Mix label is false, misleading, and deceptive;

   b.  whether Defendant violated ICFA by selling the Mix with false, misleading, and deceptive representations;

   c.  whether Defendant's acts constitute deceptive, unfair or fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

   d.  whether Defendant breached express warranties to Plaintiff and the Class Members;

   e.  whether Defendant violated the IUDTPA;

   f.  whether Defendant intended that Plaintiff and the Class Members would rely on its representations;

   g.  whether Defendant was unjustly enriched; and

   h.  the proper measure of damages sustained by Plaintiff and Class Members.

48. Plaintiff's claims are typical of the claims of Class Members, in that they are based on the same conduct and practices of Defendant, the legal claims are the same, and the central liability questions are the same.

49. Class Members and Plaintiff have no interests adverse to the interests of other Class Members.

50. Plaintiff will fairly and adequately protect the interests of Class Members and has retained competent and experienced counsel.

51. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

   a.  the common questions of law and fact presented predominate over any individualized questions;

   b. absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

   c. given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

   d. when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

   e. this action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Classes can seek redress for the harm caused to them by Defendant.

52. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

53. Further, bringing individual claims would overburden the courts and be an inefficient method of resolving the dispute. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Express Warranty)

54. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-53 as if fully set forth herein.

55. Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Mix makes 10 biscuits and contains about 10 servings per container,

guaranteeing to Plaintiff and the Class Members that the Mix was in conformance with the representations.

56. These affirmations of fact and promises became part of the basis of the bargain of Plaintiff's and Class Members' purchases, and Plaintiff and Class Members relied on the affirmations when making their purchasing decisions.

57. Defendant breached its express warranty by providing Plaintiff and Class Members with fewer servings than represented on the Mix packaging.

58. As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought the Mix that was not what it was represented to be, and they have spent money on a Mix that had less value than was reflected in the inflated price they paid for the Mix.

59. As a proximate result of Defendant's breach of express warranty, Plaintiff and Class Members suffered economic damages, including the value of the servings they did not receive, as well as any other damages proximately caused by Defendant's breach of express warranty.

## COUNT II
### (Violation of ICFA - Deceptive Practices)

60. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-53 as if fully set forth herein.

61. Defendant engaged in a deceptive practice by misrepresenting the number of servings in the Mix. The Mix was therefore worth less than the Mix as represented.

62. Defendant's misrepresentation is material because it conveyed false information that Plaintiff and Class Members relied on when considering whether to purchase the Mix.

63. Defendant engaged in these deceptive practices in the course of its trade or commerce because Defendant is in the business of manufacturing, distributing, and selling the Mix, and it does so throughout Illinois and in St. Clair County.

64. Defendant's deceptive practices proximately caused Plaintiff and Class Members damages, in that they received less servings than advertised. Plaintiff and Class Members therefore did not receive the benefit of their bargain.

65. Plaintiff's and Class Members' damages include the value of the servings they did not receive, or the difference between what they paid for the Mix and what the Mix was actually worth. Because the Mix was not as represented, the Mix as sold was worth less than the Mix as represented, and Plaintiff and Class Members paid an excess amount for it. Had Plaintiff and Class Members known the truth, they would have paid less for the Mix by 31.38%.

## COUNT III
### (Violation of ICFA - Unfair Practices)

66. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-53 as if fully set forth herein.

67. Defendant engaged in unfair acts or practices by weighing a serving size of the Mix inaccurately or failing to weigh it at all.

68. Defendant engaged in these unfair acts or practices in the course of its trade or commerce because Defendant is in the business of manufacturing, distributing, and selling the Mix, and it does so throughout Illinois and in St. Clair County.

69. Defendant's unfair acts or practices offend public policy and are immoral, unethical, oppressive, or unscrupulous, because they affect the serving size and the associated nutritional facts of the Mix. In other words, Plaintiff and Class Members are not receiving truthful information about how much of the Mix they are ingesting and its nutritional value.

70. Defendant's acts are also unfair because they are against the public policy set forth in the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/11, which provides that a food is misbranded if its labeling is false or misleading in any particular. 410 ILCS 620/11(a).

71. Defendant's unfair practices proximately caused Plaintiff and Class Members damages, in that they received fewer servings than promised. Plaintiff and Class Members therefore did not receive the benefit of their bargain.

72. Plaintiff's and Class Members' damages include the value of the servings they did not receive or the difference between what they paid for the Mix and what the Mix was actually worth. Because the Mix was not as represented, the Mix as sold was worth less than the Mix as represented, and Plaintiff and Class Members paid an excess amount for it. Had Plaintiff and Class Members known the truth, they would have paid 31.38% less for the Mix.

73. Plaintiff's and Class Members' damages are substantial, are not outweighed by any countervailing benefits, and are damages Plaintiff and Class Members could not reasonably have avoided.

### COUNT IV
**(Violation of IUDTPA)**

74. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-53 as if fully set forth herein.

75. Defendant in the course of its business: (1) represents that the Mix has characteristics and quantities that it does not have; or (2) engages in conduct which similarly creates a likelihood of confusion or misunderstanding. Namely, Defendant misrepresents and advertises that the Mix has more servings than it actually provides.

76. Plaintiff is likely to be damaged by Defendant's practices because Plaintiff intends to, seeks to, and will purchase the Mix again when she can do so with the assurance that

representations on the Mix are accurate. However, unless the Court intervenes, Plaintiff cannot determine whether Defendant's representations on the label are accurate without purchasing the Mix again – in which case she risks future economic harm.

77. Plaintiff therefore seeks injunctive relief, including the prohibition of the sales of the Mix in Illinois.

## COUNT V
### (In The Alternative Unjust Enrichment)

78. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-53 as if fully set forth herein.

79. Plaintiff and Class Members enriched Defendant by conferring a benefit on Defendant through their purchases of the Mix.

80. Defendant accepted and retained the benefits Plaintiff and Class Members bestowed on them in the form of the profits and revenues they received as a result of their purchase of the Mix.

81. Because Plaintiff and Class Members conferred the financial benefits on Defendant as a result of Defendant's fraudulent and misleading representations and unfair actions, it would be inequitable and unjust for Defendant to retain those benefits.

82. Defendant has been enriched at Plaintiff's and Class Members' expense.

83. Plaintiff and Class Members are therefore entitled to restitution, and Defendant should be required to disgorge its ill-gotten enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.  grant certification of this case as a class action;

b. appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. enjoin the sale of the Mix in Illinois;

d. enter judgment against Defendant and in favor of Plaintiff and the Classes including an award of all recoverable damages or, alternatively, require Defendant to disgorge its profits or pay restitution;

e. award statutory and punitive damages to Plaintiff and the proposed Classes;

f. award pre- and post-judgment interest;

g. award reasonable and necessary attorneys' fees and costs to Class counsel; and

h. for all such other and further relief as may be just and proper.

Dated: May 29, 2024  Respectfully submitted,

By: */s/ Matthew H. Armstrong*
Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
2890 W. Broward Blvd. Unit B, #305
Ft. Lauderdale, FL 33312
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville IL 62220
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO 63132
Tel: 314-441-6580
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln, Ste 700
Dallas, TX 75231

        Tel:   214-865-3804
        Email: scochran@condontobin.com

*Attorneys for Plaintiff and the Putative Classes*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which electronically delivered a copy of the same to all counsel of record.

        */s/ Matthew H. Armstrong*
        Matthew H. Armstrong