IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CASSANDRA NEUBAUER, individually and on behalf of all similarly-situated current citizens of Illinois and the United States,<br><br>        Plaintiff,<br><br>    v.<br><br>CONTINENTAL MILLS, INC.,<br><br>        Defendant. | No. 3:24-cv-01160<br><br>Judge Nancy J. Rosenstengel |

**DEFENDANT CONTINENTAL MILLS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

## I.   INTRODUCTION

In her Amended Complaint, Plaintiff Cassandra Neubauer alleges to be somehow "shortchanged" by the quantity of mix in a box of Red Lobster Cheddar Bay Biscuit Mix (the "Product") *yet* repeatedly concedes that she received the promised amount of Product. Moreover, in her Opposition, she further concedes the undeniable fact that one box of the Product can yield the promised number of biscuits per box because consumers themselves divide the biscuit dough, as directed by the instructions printed on the box.

Instead, Plaintiff's theory of deception relies on the idea of an unreasonably fastidious consumer—a consumer who exists only in the creative minds that spawn these lawsuits—needlessly weighing out 1/3 cup of dry mix at a time while adding tiny quantities of the water and cheese ingredients. In her Opposition, Plaintiff ignores key facts and misconstrues case law in an attempt to save her flawed claims. However, no amount of strategic lawyering can overcome the fact that Plaintiff received the promised total quantity of the Product *and* the promised number of servings, barring any claim of deception. Thus, this Court should dismiss the Amended Complaint in full and with prejudice.

## II.   ARGUMENT

### A.   Plaintiff's ICFA Unfair Practice Claim Fails Along With Her ICFA Deceptive Practice Claim.

In her Opposition, Plaintiff now seeks to characterize her ICFA claims as two entirely distinct and separate theories, arguing that even if her deceptive practice claim fails, she can still prevail on her unfair practice claim. Opp. at 7–8. Although in theory a practice can be unfair without being deceptive, *People ex rel. Hartigan v. Knecht Services, Inc.*, 575 N.E. 2d 1378, 1385 (Ill. App. 2d Dist. 1991), Plaintiff's allegations are all similarly premised on fraud—that Continental Mills misrepresents the quantity of mix per box—and hinge on a finding of a deceptive practice, despite the Amended Complaint's passing references to an unfair practice. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014); *Goldberg v. 401 N. Wabash Venture LLC,* 755 F.3d 456, 464 (7th Cir.2014) (holding that because "[w]hat is deceptive is also

unfair," a plaintiff who alleges only deceptive unfairness has not preserved a non-deceptive unfairness claim under the ICFA).

Indeed, "plaintiffs cannot rely on the same conduct to establish separate unfair and deceptive theories under the ICFA." *In re VTech Data Breach Litig.*, No. 15 CV 10889, 2018 WL 1863953, at *7 (N.D. Ill. Apr. 18, 2018); *Halperin v. Int'l Web Servs., LLC*, 123 F.Supp.3d 999, 1007 (N.D. Ill. 2015). In other words, "merely citing the 'unfair practices' prong of the ICFA cannot transform [a] claim" into two distinct theories of liability. *Quitno v. Gen. Motors, LLC*, No. 1:18-CV-07598, 2020 WL 777273, at *4 (N.D. Ill. Feb. 18, 2020); *Stavropoulos v. Hewlett-Packard Co.*, No. 13 C 5084, 2014 WL 7190809, at *3 (N.D. Ill. Dec. 17, 2014) (rejecting the plaintiff's characterization of his claims as an unfair practice because the complaint was "plainly based on allegedly deceptive, rather than unfair or unscrupulous, conduct"); *see also Schwebe v. AGC Flat Glass N. Am., Inc.*, No. 12 C 9873, 2013 WL 2151551, at *2 (N.D. Ill. May 16, 2013) (holding that "concealment cases ... are evaluated under the deception prong of the ICFA").

Here, Plaintiff's entire case rests on common allegations attempting to establish deceptive and unfair practices. More specifically, both of Plaintiff's ICFA claims—the "deceptive practice" and the "unfair practice"—rest on the same flawed theory that Continental Mills allegedly misrepresents the servings in the Product based solely on the weight of 1/3 cup, resulting in Plaintiff "receiv[ing] fewer servings than promised." *See* Am. Compl. ¶¶ 60–73. Yet, as explained in the Motion and below, there is no misrepresentation as to the amount of Product in each box *or* the number of biscuits each box yields, dooming both ICFA claims. *See infra* at II(B); Mtn. at 14–17. Accordingly, Plaintiff's ICFA claims, both undeniably based on the same purported act of deception, fail and should, therefore, be dismissed.

### B. Accurate Net Weight Cures Any Possible Claim of Deception Premised on Quantity.

Contrary to Plaintiff's repeated claims, her concession as to the accuracy of the total net weight of the Product undermines her entire theory of deception.[1] Despite stating that she "reserves the right to contest" the net weight representation which may be "untrue" (Opp. at 10), Plaintiff concedes she received the total promised quantity of the Product, both implicitly and explicitly. *See* Opp. at 3 ("the boxes at issue contain 322 grams of mix"); *id*. at 4 ("Continental Mills overstates the number of serving in a 322-gram Cheddar Bay Biscuit box"). In fact, the accuracy of the total quantity is necessarily baked into her own serving size calculation. *See* Am. Compl. 7 (calculating serving size based on 322 grams of mix); *see* Opp. at 4 (concluding "there is only enough biscuit mix to make 6.9" biscuits by dividing 322 by 46.9). Put differently, Plaintiff is proposing a theory but simultaneously arguing against one of its core premises, revealing the nonsensical and logically flawed nature of her allegations.

In her Opposition, Plaintiff states that the deceptive practice is about the *quantity* of the product received. *See* Opp. at 6 ("Ms. Neubauer alleges quantity discrepancies"); *see also id*. ("Continental Mills' alleged quantity misrepresentation is a . . deceptive practice."). Plaintiff also claims that the "ten biscuits are necessarily smaller than the promised 1/3-cup-of-mix-per serving sized biscuits." Opp. at 2. However, the true weight of the product (i.e., the quantity) is accurate and not variable. Unlike the weight of volume measure—which is inherently imprecise—one gram will always weight one gram, regardless of humidity, shipping, or scoop method.[2] As the label states (and as conceded by Plaintiff), the total net weight of the product is 322 grams and based on

---

[1] In her Opposition, Plaintiff, for the first time, argues she was also deceived by "the calorie, fat, protein, and carbohydrate content" of the Product. Opp. at 7. However, she does not make any such allegation in the Amended Complaint, nor does not she seek to recover damages for allegedly receiving less nutrition than promised. Plaintiff should not be permitted to amend her complaint via motion practice.

[2] It is for this reason that the FDA generally requires net quantity statements for solid or semi-solid products (such as dry mix) to be expressed in terms of weight, not volume. *See* 21 C.F.R. § 101.107(a).

simple math 322 grams can be divided into ten 32-gram biscuits, not smaller than promised but exactly as promised. This is not a "logical fallacy" as Plaintiff claims. Opp. at 13. This is math.

Moreover, the cases Plaintiff relies on in opposition to the Motion are distinguishable. First, Plaintiff's reliance on *Kahn* is misguided. In *Kahn*, the court found that defendant's "inaccurate shelf pricing," which "induce[s] [consumers] to buy the advertised merchandise," was "a deceptive practice within the meaning of the ICFA." *See Kahn v. Walmart Inc.*, 107 F.4th 585, 592 (7th Cir. 2024). But here, there is no inaccuracy. The quantity in terms of net weight—which is the way quantity is displayed to consumers at the point of sale as well as the most precise form of calculating net quantity—is accurate. Furthermore, the quantity that induces the purchase is the weight (price per gram), not volume. Indeed, the label, as provided by Plaintiff herself, states that the "[p]roduct is sold by weight not volume."[3] *See* Opp. at Ex. 1 (Product Label).

Similarly, Plaintiff's reliance on *Benson* is also misplaced. Unlike Plaintiff's gripe here, in *Benson*, the plaintiff argued that the deception was the "size of packaging," designed to mislead consumers.[4] *See Benson*, 944 F.3d at 646. Here, in contrast, the deception is not based on a consumer's impression of the size of the packaging, something that could theoretically be interpreted as misleading. Instead, Plaintiff argues that the objective quantity statements themselves (which are true) are misleading, contrary to Seventh Circuit law. *See Floyd v. Pepperidge Farm, Inc.*, 581 F.Supp. 3d 1101, 1109 (S.D. Ill. 2022) ("The Seventh Circuit has held that a statement or label cannot mislead unless it actually conveys untrue information about a product."). The main flaw of this approach is that it completely ignores the net weight of the

---

[3] This makes good sense as weight is inherently more precise than volume measure which, as required, is an approximation and is subject to numerous variables, including "moisture gains" and settling. *See* Mtn. at 19.

[4] In any event, the court ultimately affirmed dismissal of the claims in *Benson*, finding that even if plaintiffs were deceived by the size of the packaging, they had not suffered "actual damages" as result of defendant's conduct. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019). Because the plaintiffs in *Benson* were unable to show the products "they received were worth less than [what] they paid for them," they failed to state a claim. *Id.* As explained in the Motion, this same argument rings true here where Plaintiff received exactly what she paid for and, therefore, suffered no injury, economic or otherwise. Mtn. at 25. Plaintiff's Amended Complaint should be dismissed for this reason as well.

package and, instead, focuses on the weight of 1/3 cup mix, a volume measure which is subject to variation, is not part of the biscuit recipe, and is completely immaterial to any consumer using the Product. *See* Mtn. at 16–17, 19.

### C. A Preemption Defense Can Be Brought on a Motion to Dismiss.

Plaintiff is wrong that Continental Mills cannot make a preemption argument in a motion to dismiss. Opp. at 17. Indeed, courts in the Seventh Circuit have repeatedly granted motions to dismiss on this basis. *See Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 425 (7th Cir. 2011) (upholding district court's dismissal of the ICFA claim as preempted by the NLEA); *Novotney v. Walgreen Co.*, 683 F.Supp. 3d 785, 787 (N.D. Ill. 2023) (granting motion to dismiss on preemption grounds); *In re Beyond Meat, Inc., Protein Content Mktg. & Sales Pracs. Litig.*, No. 23 C 669, 2024 WL 726838, at *8 (N.D. Ill. Feb. 21, 2024) (granting motion to dismiss, in part, on preemption grounds).

In *Gubala*, plaintiffs argued that label claims on defendant's protein powder were misleading because of the way the protein content was calculated. *See Gubala v. CVS Pharmacy, Inc.*, No. 14 C 9039, 2015 WL 3777627, at *4 (N.D. Ill. June 16, 2015). Defendant brought a motion to dismiss, arguing that the claims were preempted because the protein content was calculated in a manner consistent with federal requirements. *Id*. In granting defendant's motion, the court held that because "the calculation of protein content was proper" under FDA regulations, plaintiffs' claims of deception were preempted. *Id*. at *5. Furthermore, the court explained that NLEA preemption is not "limited to the Nutrition Facts label" and includes "statements made on the front of the package" as well. *Id*. Here, as explained in further detail in the Motion, remedying the allegedly deceptive labeling would necessarily require Continental Mills to label their products in a manner inconsistent with federal regulations. *See* Mtn. at 22–24. Thus, just as in *Gubala*, Plaintiff's claims are preempted and should be dismissed.

### III. CONCLUSION

For the foregoing reasons and those stated in Continental Mills' opening brief, Plaintiff's Amended Complaint should be dismissed.

-7-

| | |
|---|---|
| DATED: August 5, 2024 | PERKINS COIE LLP<br><br>By: */s/ Emily Craven*<br>    Jasmine W. Wetherell, *pro hac vice*<br>    *forthcoming*<br>    JWetherell@perkinscoie.com<br>    Emily Craven, Bar No. 6332587<br>    ECraven@perkinscoie.com<br><br>Attorneys for Continental Mills, Inc. |

## CERTIFICATE OF SERVICE

I, Emily Craven, certify that on August 5, 2024, at my direction the foregoing **REPLY IN SUPPORT OF CONTINENTAL MILLS' MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system, which effected service on the following attorneys:

David C. Nelson (ARDC 6225722)
Nelson & Nelson, Attorneys at Law, P.C.
420 North High Street
Belleville, Illinois 62220
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
Armstrong Law Firm LLC
2890 W. Broward Blvd., Unit B, #305
Ft. Lauderdale, FL 33312
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Robert L. King (ARDC 6209033)
The Law Office of Robert L. King
9506 Olive Blvd., Suite 224
St. Louis, MO 63132
Tel: 314-441-6580
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
Condon Tobin Sladek Thornton Nerenberg PLLC
8080 Park Ln., Suite 700
Dallas, TX 75231
Tel: 214-865-3804
Email: scochran@condontobin.com

Attorneys for the Putative Class

I certify under penalty of perjury that the foregoing is true and correct.

/s/   Emily Craven
Emily Craven